■ STI PREPAID LLC, Respondent, v JAMES PESCE, Appellant. [924 NYS2d 390]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered May 4, 2010, which granted petitioner employer's petition to, among other things, stay arbitration of respondent employee's claim for severance benefits, and denied respondent's cross petition to compel arbitration, unanimously affirmed, without costs.

The mandatory arbitration provision that respondent seeks to enforce is contained in an employment agreement between respondent and his former employer CVTel Licensing Corporation, to which petitioner is not a signatory. The record reveals that when CVTel entered into an asset purchase agreement

with petitioner, it never assigned to petitioner its rights under the employment agreement.

Petitioner did not directly benefit from the information and material that respondent disclosed during his employment with petitioner, which respondent asserts was confidential and protected under his employment agreement with CVTel. Indeed, petitioner already owned the information and material pursuant to the asset purchase agreement. At most, it can be said that petitioner received an indirect benefit from respondent's employment agreement in that it "exploit[ed] the contractual relation of parties to [the] agreement, but [did] not exploit (and thereby assume) the agreement itself" (*MAG Portfolio Consult, GmbH v Merlin Biomed Group LLC*, 268 F3d 58, 61 [2001]). Accordingly, Supreme Court properly determined that petitioner is not equitably estopped from denying an obligation to arbitrate.

We have considered respondent's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Román, JJ.